1

2

3

4

5

6

7

8

9

10                    **IN THE UNITED STATES DISTRICT COURT**

11                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   KENNETH L. WITT,                         CASE NO. CV F 08-0553 LJO DLB

14                    Plaintiff,              **ORDER ON MOTION TO DISMISS**
                                              **COUNTERCLAIM**
15        vs.                                 (Doc. 14.)

16   EXPERIAN INFORMATION
     SOLUTIONS, INC., et al,
17
                     Defendants.
18   _____/

19   AND COUNTER-ACTION

20   _____/

21

22                              **INTRODUCTION**

23        In this unfair credit reporting action, plaintiff Kenneth L. Witt ("Mr. Witt") seeks F.R.Civ.P.

24   12(b)(1) dismissal of defendant Real Time Resolutions, Inc.'s ("Real Time's") counterclaim to collect

25   Mr. Witt's underlying debt.  Real Time filed no timely opposition to Mr. Witt's motion to dismiss the

26   counterclaim for lack of subject matter jurisdiction.  This Court considered Mr. Witt's motion to dismiss

27   on the record and VACATES the June 26, 2008 hearing, pursuant to Local Rule 78-230 (c), (h).  For the

28   reasons discussed below, this Court DISMISSES Real Time's counterclaim against Mr. Witt.

                                          1

# BACKGROUND

## Defaulted Loan

Mr. Witt executed a May 15, 1995 note for a $25,000 loan secured by his Bakersfield home.  In November 1999, Mr. Witt stopped making loan payments.  Real Time is authorized to enforce the note.

## Mr. Witt's Federal Claims

In April 2008, Mr. Witt filed this action to allege that Real Time and defendant Experian Information Solutions, Inc. ("Experian") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.  Mr. Witt claims that Real Time reported the note's debt to Experian although the debt was time-barred for credit reporting purposes.  More specifically, Mr. Witt alleges that Real Time "re-aged" the debt to falsely report to Experian that the debt was only 180 days overdue as of July 2006 to November 2006 to cause Experian to report the debt outside of FCRA's time limit.  Mr. Witt contends that despite his communications and protests, Real Time and Experian failed to perform a reasonable reinvestigation required by FCRA and to correct his credit reports to result in  denial of credit to Mr. Witt and related damages.

## Real Time's Counterclaim

On May 20, 2008, Real Time filed its first amended counterclaim ("counterclaim") against Mr. Witt to seek more than $56,000 for principal, interest and expenses arising from his failure to pay on the note.  Real Time alleges: "This Court has jurisdiction over this First Amended Counterclaim in that it arises out of the transaction giving rise to Plaintiff's Complaint."  Mr. Witt argues that there is an absence of federal question or diversity jurisdiction for Real Time's counterclaim and that compelling reasons mandate no exercise of supplemental jurisdiction.

# DISCUSSION

## F.R.Civ.P. 12(b)(1) Motion to Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).  Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen*

1 *Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  After a party challenges

2 subject matter jurisdiction, the non-moving party bears the burden to establish that subject matter

3 jurisdiction exists.  *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

4        With these standards in mind, this Court turns to Mr. Witt's jurisdictional challenges.

5 **<u>Original Jurisdiction</u>**

6        Mr. Witt notes that the counterclaim presents neither a federal question nor a claim of diversity

7 jurisdiction in that the amount of the counterclaim is less than $75,000.

8        Federal courts have original jurisdiction over civil actions: (1) "arising under the Constitution,

9 laws, or treatises of the United States"; or (2) where complete diversity of citizenship exists and the

10 amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332; *Sparrow v. Mazda American Credit*,

11 385 F.Supp.2d 1063, 1065 (E.D. Cal. 2005).

12        Although original jurisdiction exists over Mr. Witt's federal FRCA claims, there is no original

13 jurisdiction over Real Time's state breach of contract claims.  Diversity jurisdiction is absent in that the

14 counterclaim fails to seek the statutory $75,000 minimum.  As such, focus is directed toward whether

15 Real Time's counterclaim is compulsory or permissive and to whether the counterclaim invokes

16 supplemental jurisdiction under 28 U.S.C. § 1367 ("section 1367").

17 **<u>Compulsory vs. Permissive Counterclaim</u>**

18        Section 1367 "grants federal courts supplemental jurisdiction over claims over which no original

19 jurisdiction exists."  *Sparrow*, 385 F.Supp.2d at 1066.  Section 1367(a) grants supplemental jurisdiction

20 over state law counterclaims "that are so related to claims in the action within such original jurisdiction

21 that they form part of the same case or controversy under Article III of the United States Constitution."

22 *See Sparrow*, 385 F.Supp.2d at 1066.

23        F.R.Civ.P. 13 defines counterclaims as "compulsory" and "permissive."  F.R.Civ.P. 13(a)(1)

24 defines a compulsory counterclaim to "arise[] out of the transaction or occurrence that is the subject

25 matter of the opposing party's claim" and that "does not require adding another party over whom the

26 court cannot acquire jurisdiction."  The Ninth Circuit Court of Appeals applies a "logical relationship

27 test" to "analyze whether the essential facts of the various claims are so logically connected that

28 considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."

1   *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir. 1987).  Traditionally, federal

2   courts have supplemental jurisdiction over compulsory counterclaims, since a claimant loses his

3   opportunity to be heard on the claim.  *Sparrow*, 385 F.Supp.2d at 1066; *see Baker v. Gold Seal Liquors*,

4   417 U.S. 467, 469, n. 1, 94 S.Ct. 2504 (1974).

5          F.R.Civ.P. 13(b) defines a permissive counterclaim as a claim against an opposing party "that

6   is not compulsory."  Permissive counterclaims do not arise out of the transaction or occurrence that is

7   the subject matter of the opposing party's claim.  *Sparrow*, 385 F.Supp.2d at 1066.  Although federal

8   courts have supplemental jurisdiction over compulsory counterclaims, "permissive counterclaims require

9   their own jurisdictional basis."  *Sparrow*, 385 F.Supp.2d at 1070.

10         With the distinction between compulsory and permissive counterclaims in mind, the initial issue

11  is whether Real Time's counterclaim to collect the debt underlying Mr. Witt's credit reporting claims

12  is compulsory.  Mr. Witt points to several cases which found as permissive counterclaims for underlying

13  debt brought against plaintiffs pursuing claims under the Fair Debt Collection Practices Act ("FDCPA"),

14  15 U.S.C. §§ 1692, et seq.  In *Sparrow*, 385 F.Supp.2d at 1068, this Court explained:

> These courts reason that breach of contract counterclaims for the underlying debt are not
> "logically" connected to the unfair-collection-practices claim, despite that they both
> relate to the same debt.  While the debt does provide some factual connection between
> the claims, because they arise out of the debt, the legal issues and evidence relating to the
> claims are considered sufficiently distinct so as not to meet the "logical relationship" test.

18      A fellow district court explained:

> The [FDCPA claim] relates to the application of the FDCPA and focuses on a
> narrow realm of facts concerning the use of abusive, deceptive and/or unfair debt
> collection practices by the defendants. On the other hand, [the defendant's] counterclaim
> encompasses a private duty under state law and requires a broad proof of facts
> establishing the existence and performance of a contract, the validity of the contract's
> provisions, a breach of the contract by the plaintiff and monetary damages resulting from
> the breach.  The claim and counterclaim are, of course, "offshoots" of the same basic
> transaction, but they do not represent the same basic controversy between the parties.

24  *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987).

25         In *Sparrow*, 385 F.Supp.2d at 1069, this Court concluded that defendant's underlying debt

26  counterclaims "are not compulsory and supplemental jurisdiction does not exist on that basis" in that

27  the issue whether "a plaintiff in an unfair debt collection practices action actually has outstanding debt

28  is irrelevant to the merits of that claim."

1    Mr. Witt argues that Real Time's counterclaim is permissive to require "its own basis for federal

2 jurisdiction."  Mr. Witt is correct.  Although *Sparrow* and *Leatherwood* addressed analogous FDCPA

3 counterclaims, their logic applies to Real Time's FCRA counterclaims.  Real Time's breach of contract

4 counterclaim for Mr. Witt's underlying debt is not logically related to Mr. Witt's unfair reporting claims

5 although the parties' respective claims arise from Mr. Witt's debt.  Mr. Witt's FCRA claims address

6 application of the FCRA and focus on narrow facts addressing Real Time and Experian's alleged

7 investigation, reporting failures and errors.  Real Time's counterclaim encompasses a state law breach

8 of contract claim and its elements.  The legal issues and evidence as to the Mr. Witt's FCRA claims and

9 Real Time's breach of contract claims are sufficiently distinct to not satisfy the logical relationship test.

10 As such, Real Time's counterclaim is permissive to require its "own jurisdictional basis."

### Supplemental Jurisdiction

12    Given that Real Time's counterclaim is not compulsory, the next issue is whether supplemental

13 jurisdiction over the counterclaim exists under 28 U.S.C. § 1367(a).  The "case or controversy" test

14 mentioned above is whether Real Time's counterclaim is "so related to claims in the action within such

15 original jurisdiction that they form part of the same case or controversy under Article III of the United

16 States Constitution."  *See Sparrow*, 385 F.Supp.2d at 1070.  Since Real Time's counterclaim bears a

17 logical and factual relationship to Mr. Witt's FCRA claims in that they relate to Mr. Witt's debt,

18 supplemental jurisdiction exists over Real Time's counterclaim under section 1367(a).  *See Sparrow*,

19 385 F.Supp.2d at 1070 (section 1367(a) supplemental jurisdiction exists over FDCPA counterclaim).

### Exceptional Circumstances Declination

21    Under section 1367(c)(4), a district court may decline to exercise supplemental jurisdiction over

22 a claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

23 Mr. Witt argues "exceptional circumstances" support this Court's declination to exercise supplemental

24 jurisdiction.  Mr. Witt again relies on our FDCPA case of *Sparrow*, 385 F.Supp.2d at 1070-1071, where

25 this Court explained:

26    Even if supplemental jurisdiction exists over Defendant's counterclaims, a court may
      decline to exercise that jurisdiction where compelling reasons exist.  In a case such as
27    this one, strong policy reasons favor declining to exercise jurisdiction. As the court states
      in *Leatherwood*, allowing a debt collector to bring an action for the underlying debt in
28    a case brought under the FDCPA may deter litigants from pursuing their rights under that

5

1    statute:

2        To allow a debt collector defendant to seek to collect the debt in the
         federal action to enforce the FDCPA might well have a chilling effect on
3        persons who otherwise might and should bring suits such as this.
         Moreover, it would involve this Court in questions of no federal
4        significance. Given the remedial nature of the FDCPA "and the broad
         public policy which it serves, federal courts should be loath to become
5        immersed in the debt collection suits of . . . the target of the very
         legislation under which" a FDCPA plaintiff states a cause of action.
6

7    115 F.R.D. at 50 (quoting *Roberts v. Nat'l Sch. of Radio & Television Broadcasting*, 374
     F.Supp. 1266, 1271 (N.D.Ga.1974)). A major purpose of the FDCPA is to protect
8    individuals from unfair debt collection practices regardless of whether the individual
     actually owes a debt. *Baker*, 677 F.2d at 777 . . .
9

10   Strong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the
     same case as state law claims for collection of the underlying debt. This policy satisfies
11   the exceptional circumstances requirement to support an order declining to exercise
     supplemental jurisdiction over Defendant's state law claims to enforce the debt.
12

13       Mr. Witt argues that the "chilling effect" logic in FDCPA cases applies equally to FRCA cases.

14   Again, Mr. Witt is correct.  Allowing a debt collector to pursue an underlying debt in an FRCA case may

15   deter potential claimants to address their FRCA rights.  Like the FDCPA, the FRCA serves remedial

16   purposes to correct credit reporting errors.  The threat of a debt collection case may quell attempts to

17   assert FRCA rights.  Strong public policy is well served to prevent chilling effects of litigating FRCA

18   claims with claims to collect underlying debt to establish exceptional circumstances to decline

19   supplemental jurisdiction over Real Time's debt collection counterclaim.

20                                **CONCLUSION AND ORDER**

21       For the reasons discussed above, this Court DISMISSES Real Time's counterclaim against Mr.

22   Witt for lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1).

23       IT IS SO ORDERED.

24   **Dated:    June 16, 2008**                    **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE
25

26

27

28