# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. WITT,<br><br>        Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, et al.,<br><br>        Defendants. | 1:08cv0553 LJO DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Document 11) |

Plaintiff Kenneth L. Witt ("Plaintiff") filed the instant motion for leave to file a first amended complaint on May 23, 2008. Pursuant to Local Rule 78-230(h), the Court deems the matter suitable for decision without oral argument.

## BACKGROUND

Plaintiff filed the instant unfair credit reporting action on April 22, 2008. He names Experian Information Solutions, Inc. ("Experian") and Real Time Resolutions, Inc. ("Real Time") as Defendants.

Real Time, a debt collection agency, has been authorized to collect upon a real estate loan obtained by Plaintiff in May 1996. Plaintiff has not made payments on the loan since November 1999. Pursuant to the Federal Credit Reporting Act, 15 U.S.C. 1681, et seq. ("FCRA"), Plaintiff alleges that Real Time "re-aged" the debt and reported the note's debt to Experian although the debt was time-barred for credit reporting purposes. Plaintiff contends that despite his

communications and disputes, Real Time and Experian failed to perform a reasonable reinvestigation as required by FCRA and failed to correct his credit reports. The First Cause of Action alleges that Experian failed to reinvestigate the disputed information. The Second Cause of Action alleges that Real Time failed to conduct a reasonable investigation into the disputed information. As a result, Plaintiff alleges that he has been denied credit and has suffered emotional distress. He seeks actual, statutory and punitive damages, as well as attorneys' fees and costs.

On May 19, 2008, Real Time and Experian filed separate answers. Real Time also asserted a counterclaim against Plaintiff in which it moved to recover more than $56,000 in principal, interest and expenses arising from his failure to make payments on the note. On June 16, 2008, the Court granted Plaintiff's motion to dismiss the counterclaim, finding that the Court should decline to exercise supplemental jurisdiction given the chilling effect of allowing a debt collector to pursue an underlying debt in a FCRA case.

On May 23, 2008, Plaintiff filed this motion to file a first amended complaint. Plaintiff seeks to add a claim against Real Time based on the Fair Debt Collection Act, 15 U.S.C. § 1692, et seq. Specifically, Plaintiff seeks to add a Third Cause of Action against Real Time based on Real Time's failure to communicate the disputed nature of the debt to Experian and reporting the debt to Experian even though it was time-barred. 15 U.S.C. § 1692e(2) and (8). The Proposed First Amended Complaint also adds to (or clarifies) the Second Cause of Action by alleging that Real Time failed to instruct Experian to delete the tradeline from Plaintiff's credit report since it was time-barred.

Neither Real Time nor Experian has filed a response to the motion to amend.[1]

## DISCUSSION

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] Real Time also failed to oppose Plaintiff's motion to dismiss its counterclaim.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Given the early stage of this litigation and Real Time's failure to object to the motion, the Court finds that leave to file the first amended complaint should be GRANTED.  Plaintiff shall file and serve the first amended complaint within twenty (20) days of the date of service of this order.  Defendants' answers shall be due within fifteen (15) days of service.  If Defendants do not file an answer, the answer previously filed will be deemed an answer to the first amended complaint.

IT IS SO ORDERED.

Dated:   **June 30, 2008**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE